## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ADAM JOSHUA MACKER,**

        **Plaintiff,**

**v.**                                         **Case No: 6:23-cv-1963-CEM-DCI**

**JACOB JOSHUA MACKER et al.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendants Michael Chitwood, Meshelle Naylor, Jason Sickles, Deputy Igo, and Brandon King's Motion to Dismiss (Doc. 44)** |
| **FILED:** | **December 20, 2023** |
| **MOTION:** | **Defendant Perdue, Brandon, Felder, Collins & Mott, LLP's Motion to Dismiss Complaint (Doc. 45)** |
| **FILED:** | **December 26, 2023** |
| **MOTION:** | **Plaintiff's Moton for Leave to Supplement (Doc. 53)** |
| **FILED:** | **January 26, 2024** |
| **MOTION:** | **Plaintiff's Motion for Leave to Supplement #2 (Doc. 54)** |
| **FILED:** | **January 29, 2024** |

**THEREON** it is **RECOMMENDED** that Defendants' motions be **GRANTED in part** (Docs. 44, 45) and Plaintiff's Motions (Docs. 53, 54) be **DENIED.**

## I.      Procedural History

Adam Macker (Plaintiff) initiated this case against Defendants Jacob Joshua Macker; Hailey Nice; Jacqueline Noorleene Kujawa Macker Ramieri (Ramieri); Michael Chitwood (Chitwood); Meshelle Naylor (Naylor); Jason Sickles (Sickles); Deputy Igo (Igo); Brandon King (King); and the law firm of Perdue, Brandon, Felder, Collins & Mott, LLP (Perdue).  Doc. 1. Pending before the undersigned is Defendants Chitwood, Naylor, Stickles, Igo, and King's Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 44 (the Individual Defendants' Motion to Dismiss).  The individual Defendants argue that the Complaint is due to be dismissed because it is a shotgun pleading and fails to state a claim upon which relief can be granted.  *Id*.

Defendant Perdue has filed a separate Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and joins in on the impermissible shotgun pleading argument but adds that the Complaint is due to be dismissed because it is "fanciful" and "fantastic" and, therefore, the Court lacks subject matter jurisdiction.  Doc. 45.[1] (Perdue's Motion to Dismiss).

Plaintiff has filed responses to the Motions to Dismiss (Docs. 46-49) (collectively the Responses) and a Supplement regarding video evidence.  Doc. 52.  Plaintiff has also filed Motions for Leave to Supplement.  Docs. 53, 54 (the Motions to Supplement).

For the reasons stated herein, the undersigned recommends that the Motions to Dismiss are due to be granted in part because the Complaint is a shotgun pleading and fails to state a claim for

---

[1] Defendants Jacob Joshua Macker, Hailey Nice, and Jacqueline Noorleene Kujawa Macker Ramieri have not appeared in this case.  On January 16, 2024, the undersigned granted Plaintiff's Motion for Extension of Time to Effectuate Service of Process as to the Defendants not yet served. Doc. 50.

relief.  The undersigned further recommends that Plaintiff's Motions to Supplement be denied as unnecessary and insufficient.

## II.      Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The Court must liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[2] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted).  There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  "The unifying characteristic of all types of

---

[2] In the Eleventh Circuit, unpublished decisions are not binding.  *See* 11th Cir. R. 36-2.

shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id*. at 1323.  A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints.  *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

  **III. Discussion**

   **A.  The Motions to Dismiss**

    1. <u>Plaintiff's Mail Fraud and Conspiracy Claims—18 U.S.C. §§ 241, 1341</u>

  Plaintiff brings the Complaint pursuant to 18 U.S.C. § 241 ("Conspiracy Against Rights"), 18 U.S.C. § 1341 ("Elements of Mail Fraud"), and 42 U.S.C. § 1983.  Doc. 1 at 19.  The individual Defendants and Perdue, however, argue that there is no private cause of action pursuant to 18 U.S.C. § 241.  Docs. 44 at 4-5; 45 at 8.  Perdue also argues that Plaintiff's mail fraud claim is subject to dismissal because 18 U.S.C. § 1341 is a criminal statute that does not provide for a civil cause of action.  Doc. 45 at 8.

  While Plaintiff does not appear to address the cause of action argument with respect to § 1341, Plaintiff vehemently asserts that he has a cause of action under § 241 because Defendants conspired against him and "[t]his case clearly exemplifies repeated violation [sic] of this necessary rule."  Doc. 46 at 4.  Plaintiff states that he "realize[s] this is typically a criminal cause of action but considering the positions of all defends [sic] this case must be heard by a civil court in order to protect the civil liberties of innocent citizens, that have been repeatedly violated due to corruption."  *Id*. at 3.

The undersigned agrees with Defendants that Plaintiff cannot proceed under these federal laws because no private cause of action exists.  *See Marfut v. City of N. Port*, 2010 U.S. App. LEXIS 12365 (11th Cir. June 16, 2010) ("There is no private cause of action under 18 U.S.C. § 1341, a criminal statute prohibiting mail fraud.") (citing *Bell v. Health-More Inc.*, 549 F.2d 342, 346 (5th Cir. 1977); *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017) ("18 U.S.C. §§ 1341 and 1343 are criminal mail and wire fraud statutes that do not create private causes of action.") (citing *Austin v. Glob. Connection*, 303 F. App'x 750, 752 (11th Cir. 2008); *Zinnia Chen v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming the dismissal of the plaintiff's claims brought in part pursuant to § 241 because "[c]riminal statutes generally do not provide a private cause of action.") (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002)).

Based on the foregoing, the undersigned recommends that the Defendants' request for dismissal of these claims is due to be granted.  Since it would be futile to allow amendment on the §§ 241 and 1341 claims, the undersigned recommends dismissal with prejudice.  *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparksi*, 510 F.3d 1307, 1310 (11th Cir. 2007) (finding that a district court need not allow an amendment where amendment would be futile).

2.  <u>Plaintiff's Civil Rights Claims—42 U.S.C. § 1983</u>

If the Court adopts the undersigned's recommendation regarding §§ 241 and 1341, that leaves Plaintiff's claims brought pursuant to § 1983.  While Plaintiff may have a private cause of action under this law, the shotgun nature of the pleading makes it impossible to determine which allegations belong to the claim.  Specifically, the Complaint is a hybrid between the second and fourth categories of shotgun pleadings.

- 5 -

With respect to the second category, the pleading is replete with conclusory allegations and what appear to be wholly immaterial facts not obviously connected to any cause of action. The Complaint is 31-pages in length wherein Plaintiff sues 11 Defendants, including current or former family members, private citizens, police officers, and a law firm. Doc. 1. Plaintiff's pleading consists of disjointed allegations with multiple narratives related to a purported conspiracy or several conspiracies. Plaintiff's claims are hard to follow but he includes allegations regarding his personal life, organized crime, and corruption.

Namely, Plaintiff first references his driver's license suspension which allegedly led to "an onslaught of attacks" by corrupt officers and court officials. *Id*. at 20. Plaintiff then turns to a discussion about Plaintiff's relationship with his son and son's girlfriend—both named as Defendants—who "arrived at [his] residence with a premeditated plan to confuse and destroy" by "making sure to provide fabricated birth information and to attempt to facilitate multiple felonious cocaine transactions." *Id*. Plaintiff also includes confusing allegations against his ex-wife, also a named Defendant, related to defamation and her attempt to have his children removed from his care at a "luxury apartment complex." *Id*. at 21.

Further, Plaintiff claims that Defendants Stickles, Naylor, and Perdue conspired to bring false charges against him and then discusses a "bogus fleeing charge," an unlawful warrant, and the unlawful tracking of Plaintiff's location. *Id*. at 21-22. Plaintiff includes allegations that officers ignored his complaints and then moves onto events surrounding his arrest on his property. *Id*. at 22. Plaintiff claims that his motorcycle was improperly seized without a warrant and Defendants Igo and King unlawfully kicked Plaintiff's "front door down" without a warrant, assaulted him, and charged him with resisting arrest. *Id*. at 22-23.

Overall, Plaintiff's allegations do not give Defendants adequate notice of the claims against them.  Plaintiff attempts in the Responses to connect the facts to the causes of action to explain their materiality, but Plaintiff cannot cure a defective pleading with a response to a motion to dismiss.  *See Burgess v. Religious Tech. Center, Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citation omitted).

With respect to the fourth category of shotgun pleading, Plaintiff at least tries to set forth a "Statement of Claim" but seems to allege multiple claims against multiple Defendants without specifying which applies to which.  Throughout the pleading, Plaintiff vaguely discusses the Defendants' involvement in conspiracies that are intertwined in the violation of his civil rights and it is unclear to the undersigned who Plaintiff brings the remaining §1983 claim(s) against.[3]  As such, the undersigned finds that the Complaint is an impermissible shotgun pleading, Plaintiff failed to meet the basic pleading requirements set forth in Rule 8, and, consequently, the Complaint is due to be dismissed.

---

[3]It seemed to the undersigned at first blush that the only § 1983 claims that exist are against Defendants King and Igo as Plaintiff expressly cites to § 1983 within the discussion of their purported unlawful conduct.  *See* Doc. 1 at 22-23.  Indeed, "[t]o establish a § 1983 claim, the plaintiff must show that he was (a) deprived of a federal right (b) by a 'state actor.'"  *Laster v. Careconnect Health Inc.*, 852 F. App'x. 476, 478 (11th Cir. 2021) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).  So, it seemed Plaintiff purposely limited the § 1983 cause of action to the officers.  Yet, Plaintiff makes conclusory statements regarding violations of his civil rights and appears to include the other Defendants elsewhere in the pleading.  In fact, Perdue—a law firm—also addresses § 1983 as if Plaintiff brought the claim against it.  Namely, Perdue argues that Plaintiff did not allege facts to suggest that Perdue is a state actor or that Perdue's conduct falls within the exception to the state actor requirement.  Doc. 45 at 9 (citing *Rayburn v. Hogue*, 241 F.3d 1241 (11th Cir. 2001)).  Plaintiff in turn seems to confirm that he intended to bring the claim against Perdue.  *See* Doc. 49 at 6.  Due to the shotgun nature of the allegations, however, it is not clear that Plaintiff actually brought the claim against Perdue or any of the other Defendants and, if he did, it still certainly does not allow the Court to determine if the *Rayburn* exceptions apply.

Since this is a recommendation, the undersigned finds it necessary to note that this is a close call as to whether to recommend dismissal with prejudice as Defendants request.  *See Linge v. State of Georgia, Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (citing *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a court may dismiss a federal claim for lack of subject matter jurisdiction if the claim is "wholly insubstantial and frivolous.").  The undersigned, however, decided against it because the shotgun pleading makes it difficult to ascertain if Plaintiff might state a § 1983 claim or other available cause of action and it appears from his Responses that he is attempting to do so.

Accordingly, while dismissal with prejudice is appropriate to the extent Plaintiff seeks to bring claims under the criminal statutes (18 U.S.C. §§ 241, 1341), the undersigned recommends that Plaintiff otherwise be given a chance to amend the Complaint to state a viable claim upon which relief can be granted.  *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).

### B.  The Motions to Supplement

The Responses and Plaintiff's Supplement regarding the video evidence relate to the Motions to Dismiss.  *See* Docs. 46-49, 52.  Plaintiff has since filed the Motions to Supplement, but it is not clear if Plaintiff seeks to supplement the Responses or Complaint nor does Plaintiff state any basis for relief.  *See* Docs. 53, 54.  Even so, the undersigned finds that Plaintiff's opposition to the Motions to Dismiss has been sufficiently presented.  Also, to the extent Plaintiff seeks to amend the Complaint through the supplement, Plaintiff may not do so.  *See Burgess*, 600 F. App'x at 665.  Notably, if Plaintiff is attempting to include additional allegations in the pleading, this can be accomplished through amendment if the Court adopts this report and recommendation.

Accordingly, the undersigned recommends that the Court deny the Motions to Supplement as unnecessary and insufficient.

## IV.    Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the Motions to Dismiss (Docs. 44, 45) be **GRANTED in part** to the extent that Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241, 1341 be **DISMISSED with prejudice** and the remainder of the Complaint be **DISMISSED without prejudice** with leave to amend in accordance with the Court's Order on this Report (if adopted);

2. the remainder of the Motions to Dismiss (Doc. 44, 45) be **DENIED**; and

3. the Motions to Supplement (Docs. 53, 54) be **DENIED**.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 30, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy