UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM JOSHUA MACKER,

    Plaintiff,

v.                                Case No: 6:23-cv-1963-JSS-DCI

MESCHELLE NAYLOR, JASON
STICKLES, MICHAEL CHITWOOD,
DEPUTY IGO, BRANDON KING,
and PERDUE, BRANDON,
FIELDER, COLLINS & MOTT, LLP,

    Defendants.
_____/

# ORDER

Plaintiff, proceeding pro se, moves to file a second amended complaint (SAC). (*See* Dkts. 91 & 94; *see also* Dkt. 114.) Former Defendants Jacob Macker and Jacqueline Ramieri, who appear as Defendants in the proposed SAC, (Dkt. 94 at 2), oppose Plaintiff's motion and move to dismiss the SAC with prejudice, (Dkt. 98). For the reasons outlined below, the court denies Plaintiff's motion and accordingly denies Macker and Ramieri's motion to dismiss as moot.

## BACKGROUND

Plaintiff initiated this action by filing an initial complaint against eleven Defendants under 18 U.S.C. §§ 241 and 1341 and 42 U.S.C. § 1983. (Dkt. 1 at 2, 19.) Six Defendants moved to dismiss the initial complaint, and the motions were referred to the magistrate judge for a recommendation. (Dkts. 44 & 45.) The magistrate judge recommended that the claims under sections 241 and 1341 be dismissed with prejudice because those criminal statutes do not establish private causes of action and that the

remainder of the initial complaint be dismissed without prejudice on shotgun pleading grounds. (Dkt. 55 at 4–9.) The court adopted the magistrate judge's recommendation and allowed Plaintiff to file a first amended complaint (FAC) to "correct[] the deficiencies explained in the . . . [r]ecommendation." (Dkt. 79 at 3–4.) The court instructed Plaintiff that the FAC "shall not include causes of action for violations of 18 U.S.C. §§ 241[ and] 1341 that are dismissed with prejudice." (*Id.* at 4.)

Plaintiff timely filed an FAC. (Dkt. 84.) The FAC asserts claims against the six Defendants who moved to dismiss the initial complaint and states that the other five Defendants from the initial complaint, including Macker and Ramieri, "are not identified in this" FAC. (*Id.* at 3.) The FAC does not contain claims under section 241 and only mentions section 1341 in conjunction with a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961–1968. (*See* Dkt. 84.) The six Defendants named in the FAC have moved to dismiss the FAC. (Dkts. 87 & 89.) The motions to dismiss remain pending.

In March 2024, the court issued the case management and scheduling order in this case. (Dkt. 74.) The order set a deadline of March 15, 2024, for motions to amend the pleadings and cautioned that "[m]otions to amend any pleading or a motion for continuance of any pretrial conference, hearing[,] or trial filed after issuance of this [c]ase [m]anagement and [s]cheduling [o]rder are disfavored." (*Id.* at 1–2.)

In June 2024, Plaintiff filed the instant motion seeking to bring claims against the five Defendants who appeared in the initial complaint but do not appear in the FAC. (Dkt. 91.) In the motion, Plaintiff explains that he tried (unsuccessfully) to hire

legal representation because he was "justifiably concerned" that he "would make more errors" as a first-time litigant, including "this exact error"—an "incorrect assumption" about the effect of excluding Defendants from a pleading. (*Id.* at 1; *accord id.* at 3.) As a supplement to his motion, Plaintiff filed a proposed SAC. (Dkt. 94.) The court thus construes the motion as a request to file the proposed SAC as the operative complaint in this case. (*See* Dkt. 114.) Overall, the proposed SAC contains the same claims as the FAC but adds claims under section 241 against the five Defendants who appeared in the initial complaint but do not appear in the FAC. (*Compare* Dkt. 84, *with* Dkt. 94; *see* Dkt. 94 at 27–28.)

## APPLICABLE STANDARDS

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

Where, as here, "a motion to amend is filed after a scheduling order deadline," Federal Rule of Civil Procedure 16 "is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Under Rule 16, once the court sets a schedule of case management deadlines, the "schedule may be modified only for good cause and with the [court]'s

consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation omitted). Neither carelessness nor inadvertence constitutes good cause under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Equal Emp. Opportunity Comm'n v. Exel Inc.*, 259 F.R.D. 652, 656 (N.D. Ga. 2008) ("[I]nadvertence or oversight is not good cause for purposes of Rule 16(b)[.]" (internal quotation marks omitted) (quoting *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997))).

Even when a party demonstrates good cause under Rule 16, a court may deny leave to amend a complaint "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quotation omitted).

Further, a federal court "possess[es] an inherent power to" ensure that the parties before it "comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Id.* (quoting *Degen v. United States*, 517 U.S. 820, 827 (1996)).

## ANALYSIS

The court denies Plaintiff's motion for three reasons. First, Plaintiff's "incorrect

assumption" about the effect of excluding Defendants from the FAC, (Dkt. 91 at 1), does not amount to good cause under Rule 16. *See Johnson*, 975 F.2d at 609; *Equal Emp. Opportunity Comm'n*, 259 F.R.D. at 656. Second, amendment would be futile because the only new claims in the proposed SAC are brought pursuant to 18 U.S.C. § 241, which does not supply a private cause of action. *See Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (holding that "the district court did not err in dismissing" claims brought under 18 U.S.C. § 241 because "[c]riminal statutes generally do not provide a private cause of action"); *see also Cannon v. Univ. of Chi.*, 441 U.S. 677, 690–91 (1979) (explaining that "statutory language customarily found in criminal statutes" provides "far less reason to infer a private remedy in favor of individual persons"). Third, the proposed SAC fails to comply with the court's instruction that Plaintiff "shall not include causes of action for violations of" section 241 in an amended complaint because the claims asserted pursuant to that section were "dismissed with prejudice." (Dkt. 79 at 4.)

## CONCLUSION

Accordingly:

1. Plaintiff's motion to file an SAC (Dkt. 91) is **DENIED**.
2. Macker and Ramieri's motion (Dkt. 98) is **DENIED as moot**.

**ORDERED** in Orlando, Florida, on November 7, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties
Counsel of Record