UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADAM JOSHUA MACKER,**

   **Plaintiff,**

v.                 Case No: 6:23-cv-1963-JSS-DCI

**MESHELLE NAYLOR, JASON STICKLES, MICHAEL CHITWOOD, DEPUTY IGO, BRANDON KING and PERDUE, BRANDON, FELDER, COLLINS & MOTT, LLP,**

   **Defendants.**

## ORDER

Plaintiff, proceeding *pro se*, alleges that Defendants engaged in conspiracy to violate his rights. Doc. 1. By Order dated April 26, 2024, the Court adopted the undersigned's recommendation to dismiss Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 1341 with prejudice and dismiss the remainder of the Complaint without prejudice with leave to amend. Doc. 79. Plaintiff filed the Amended Complaint and an Amended Motion to "Reapply Selected Defendants to Original Complaint & Un-Terminate." Docs. 84, 94. Defendants filed Motions to Dismiss and a Motion to Strike in response. Docs. 87, 89, 97, 98.[1]

---

[1] Also pending before the undersigned is Plaintiff's Amended Motion for Discovery Extension. Doc. 103 (the Motion for Extension). By Order dated November 25, 2024, the Court granted in part Defendants' Motions to Dismiss. Doc. 126. The Court found that if Plaintiff files a second amended complaint on or before December 20, 2024, the Court will issue an Amended Case Management and Scheduling Order. *Id*. at 42. Since an amendment and Amended Case Management and Scheduling Order may impact or moot Plaintiff's request, the Motion for Extension will remain pending and is not the subject of this Order.

Discovery ensued and the parties and non-parties have filed a flurry of motions and amended motions within a short period of time. Docs. 108, 115, 118, 119, 120, 121, and 122 (collectively, the Motions). Some of the Motions have been rendered moot by amendment, the Court's ruling on underlying issues, or the passage of time. The remaining Motions are ripe for review.[2] The Court has referred the Motions to the undersigned and this Order will address them in turn.

### I. Motions Deemed Moot (Docs. 108, 115, 118, 119)

Four of the parties and non-parties' motions are moot for the following reasons:

- **"Defendants Jacob Macker and Jacqueline Ramieri's Motion for Protective Order to Stay Discovery for Plaintiff's Failure to Comply with the CMO Discovery Deadline; and Pending the Court's Decision on Defendants' Motion to Dismiss and Defendant Perdue's Motion to Strike and Defendants' Incorporated Memorandum of Law" (Doc. 108):**[3]

    Defendants filed Doc. 108 on October 25, 2024, and the Court has since denied Defendants' Motion to Strike and Plaintiff's requests to file a second amended complaint and denied as moot Defendants' Jacob Macker and Jacqueline Ramieri's (Ramieri) Motion to Dismiss. Docs. 97, 117. The deposition dates Plaintiff provided in the attached subpoenas—October 24, 2024 and November 11, 2024—have also since passed. Docs. 108-1; 108-2. The Motion filed at Doc. 108 is, therefore, moot;

---

[2] Jacob Macker and Ramieri have filed an "Objection; Motion to Quash Subpoenas or Alternatively Motion for Protective Order to Protect Defendants and Non-Parties and Incorporated Memorandum of Law." Doc. 123. Plaintiff has not filed a response but the time to do so has not expired. Accordingly, the request is not ripe and is not the subject of this Order.

[3] Jacob Macker and Ramieri, no longer parties to this action, request that the Court "[s]tay all discovery against them including but not limited to the Plaintiff's defective and unauthorized Subpoenas to Testify at Deposition in a Civil Action of Plaintiff's own son, now terminated Defendant, Jacob Macker, until such time as the Court renders a decision on Defendants' Motion to Dismiss (Doc. 98) and Defendant Perdue's Motion to Strike (Doc.97) Plaintiff's untimely and unauthorized pleadings (Docs. 90, 91, and 94)." Doc. 108 at 9.

- **Non-Party Rachel Smolinsky's (Smolinsky) Motion to Quash (Doc. 115)**:

    In Doc. 115, Smolinsky moves to quash a subpoena pursuant to Federal Rule of Civil Procedure 45 but has refiled the identical motion at Doc. 122. The Court will consider the latter motion and, therefore, the Motion filed at Doc. 115 is moot;

- **"Pro Se Motion for Protective Order and Motion to Quash" (Doc. 118)**:

    In Doc. 118, non-party Richard Macker moves for a protective order to prohibit Plaintiff from disclosing information disclosed during Richard Macker's deposition and moves to quash or modify the subpoena. Richard Macker has filed an Amended Motion at Doc. 119 and, therefore, the Motion filed at Doc. 118 is moot; and

- **"Amended Pro Se Motion for Protective order and Motion to Quash Subpoena" (Doc. 119)**:

    Non-party Richard Macker seeks a protective order and an order quashing or modifying a subpoena related to his deposition purportedly scheduled for November 13, 2024.[4] Based on this representation, the deposition has already occurred and, therefore, the Motion filed at Doc. 119 is moot.

**II.    Plaintiff's Motion to Compel Document, Interrogatory, & Subpoena Request (Doc. 120)**

It appears that Plaintiff seeks an order to compel discovery responses and a hearing possibly related to the discovery dispute or case management. Doc. 120 (the Motion to Compel). First, the Motion fails because it does not comply with Local Rule 3.01(g) and the Court's Standing Order on Discovery. Plaintiff was required to confer with the opposing party in a good faith effort to resolve the Motion before seeking Court intervention and provide a certification at the end of the Motion under the heading "Local Rule 3.01(g) Certification[.]" Local Rule 3.01(g)(1), (2); Doc. 14. Plaintiff did not include the certification and for that reason alone the Motion Compel is due to be denied.

---

[4] Richard Macker states that the deposition is scheduled for November 13, 2024 but the subpoena is not attached to the Motion. *See* Doc. 119.

Second, the Motion is substantively deficient. While Plaintiff states he seeks to "compel" discovery, it is not clear from the substance of the Motion exactly what he seeks to compel. *See* Doc. 120. Plaintiff's statements such as "what's going on with 'Perdue & Company' deserves the full attention of our Federal Government" do no help the Court understand the issue. Since the Court cannot decipher the exact nature of the apparent dispute at issue the Motion is also due to be denied.

Finally, with respect to Plaintiff's request for a hearing to allow the parties to "briefly present their case," Plaintiff cites no legal basis for relief. To the extent one exists, the Court finds that a hearing is not necessary at this juncture.

### III. "Objection, Motion to Quash and/or Motion for Protective Order as to the Subpoena Issued by Adam Joshua Macker to Third Party 'The Law Offices of Kevin J. Pitts.'" (Doc. 121)

"The Law Offices of Kevin J. Pitts P.A." (Pitts) contends that Plaintiff served a subpoena to produce documents and moves for a protective order or to quash the subpoena pursuant to Rules 26(C) and 45(d)(3). Doc. 121 (Pitts' Motion). While Pitts provides a list of his objections and provides a copy of the subpoena for review, Pitts' Motion fails because it does not comply with Local Rule 3.01(a). Local Rule 3.01(a) requires "[a] motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."

Here, Pitts argues in general that the document request is irrelevant but fails to identify why that is so. It may be that the third-party subpoena to the law firm does not relate to this action or would inflict an undue burden, but Pitts provides no basic information for the Court to make that determination. Also, to the extent Pitts challenges the subpoena because Plaintiff did not

comply with Rule 45, Pitts needs to say more than "[t]his subpoena falls woefully short of the Federal Rules of Civil Procedure 45 requirements of subpoena, regarding notice, opposing counsel coordination, and additional procedures[.]" *See* Doc. 121 at 2. In short, absent from Pitts' Motion is an adequate statement of the basis for the request.

Further, Pitts fails to provide a legal memorandum in support of the request. Pitts' general citations to Rules 26 and 45 are not enough. As such, Pitts' Motion is deficient and is due to be denied.

### IV. Smolinsky's Motion to Quash (Doc. 122)

Non-party Smolinsky moves to quash a subpoena Plaintiff served because of undue burden, relevancy, and privilege. Doc. 122 (Smolinsky's Motion). Smolinsky complains that the subpoena does not "target specific interactions or communications relevant to this case" and she "does not have custody of these phone records in question" as Smolinsky "was not the owner of 386-216-7169 until August 2023." *Id*. Smolinsky contends that "[c]omplying with the subpoena creates an undue burden to the significant time, costs, and resources required to gather records which are inaccessible." *Id*.

As an initial matter, Smolinsky does not comply with Local Rule 3.01(a). Smolinsky references Rule 45 but does not provide a legal memorandum supporting the request and, therefore, the Motion is due to be denied as insufficient. Further, Smolinsky has failed to provide the Court with the subpoena at issue and, therefore, the Court cannot review the requests to make a determination on her relevancy argument. *See Cates v. Zeltiq Aesthetics, Inc.*, 2020 WL 13413675, at *1 (M.D. Fla. Apr. 20, 2020) (denying a non-party's motion for protective order and to quash a subpoena because the non-party failed to attach the subpoena and did not file any evidence to support his assertions).

Also, Smolinsky speaks only in generalities regarding the document requests. Namely, Smolinsky does not identify the privilege allegedly at issue or explain the why any burden is undue. Instead, Smolinsky vaguely states that the request "*may* include correspondence with health providers as well as privileged information protected by Non-Disclosure Agreements with accounting and tax clients. Disclosing such information would violate established protections." Doc. 1 at 1 (emphasis added). Without more information or a copy of the subpoena, the Court cannot determine if Smolinsky is entitled to relief pursuant to Rule 45(d)(3)(A). Accordingly, Smolinsky's Motion is denied.

### VI.    Conclusion

Based on the foregoing, it is **ORDERED** that:

1. the parties and non-parties Motions (Docs. 108, 115, 118, 119) are **DENIED as moot**;

2. Plaintiff's Motion to Compel (Doc. 120) is **DENIED**;

3. Pitts' Motion (Doc. 121) is **DENIED without prejudice**; and

4. Smolinsky's Motion (Doc. 122) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on November 26, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties