UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADAM JOSHUA MACKER,**

      **Plaintiff,**

v.                                                Case No: 6:23-cv-1963-JSS-DCI

**MESHELLE NAYLOR, JASON STICKLES, MICHAEL CHITWOOD, DEPUTY IGO, BRANDON KING and PERDUE, BRANDON, FELDER, COLLINS & MOTT, LLP,**

      **Defendants.**

___

## ORDER

    In October 2023, Plaintiff, proceeding *pro se*, initiated this case against Defendants. Doc. 130. Within days of the commencement of the action, Plaintiff paid the required filing fee. Plaintiff has been litigating the case for a year and a half and discovery is almost closed. *See* Docs. 1, 131. Despite the ability to pay the fee, Plaintiff has apparently developed an issue with his financial situation and seeks assistance from the Court pursuant to 28 U.S.C. § 1915. Specifically, Plaintiff requests an order "granting financial assistance to cover the costs of court reporter services for depositions[.]" Doc. 150. Plaintiff states that he has "recently become indigent due to some extenuating circumstances and [he is] unable to afford the costs associated with obtaining a court reporter for the necessary depositions." *Id*. Plaintiff has also filed an application to proceed in district court without preparing fees or costs which the Court construes as a Motion for Leave to Proceed as a Pauper. Doc. 151.

    With respect to Plaintiff's request to proceed *in forma pauperis*, 28 § U.S.C. 1915(a) permits a pauper to commence, prosecute, or defend litigation without prepayment of fees. Since

Plaintiff already paid the filing fee and there appears no other fee that is due, the Court sees no basis to grant the requested relief. *See Bailey v. EMS Ventures, Inc.*, 495 Fed. App'x 986, 988 (11th Cir. Nov. 8, 2012) (finding that even if the plaintiff "had not abandoned his IFP argument, the district court lacked jurisdiction to grant him IFP status because he paid the filing fee at the time when he filed his complaint, which rendered moot his request for leave to proceed without the prepayment of fees"); *Wallace v. UAW Local 1639*, 2007 WL 1589540, at *1 (S.D. Ala. May 31, 2007) (denying a plaintiff's motion for leave to proceed as a pauper filed 11 months after commencement when the plaintiff already paid the filing fee, served the defendant, and there was no outstanding court fees owed "that might fall within the ambit of § 1915").

Also, even if Plaintiff is entitled to *in forma pauperis* status—and Plaintiff cites to no authority to support that proposition—Plaintiff is still not entitled to assistance "for court reporting services." It is not clear if Plaintiff seeks prepayment or reimbursement for the cost, but either way there appears to be no legal basis for the relief. *See Hall v. Masters*, 2023 U.S. Dist. LEXIS 130445, at *2 (M.D. Fla. July 17, 2023) ("A plaintiff proceeding *in forma pauperis* is not entitled to underwrite his civil litigation with public funds."); *Pace v. Lewis*, 2021 WL 1377923, at *1 (S.D. Fla. Apr. 21, 2021) ("To the extent Plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is proceeding in this action as an *in forma pauperis* litigant, he is mistaken. Plaintiff is advised that his pauper status does not entitle him to free services such as scheduling, conducting, and recording depositions."); *Carson v. Sharpe*, 2017 U.S. Dist. LEXIS 114153, at *3 (S.D. Ga. July 21, 2017) ("While 28 U.S.C. § 1915(a) permits a pauper to commence litigation without prepayment of the filing fee, 'no provision of that statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.'") (quoting *Doye v. Colvin*, 2009 WL 764980, at *1 (S.D. Ga. Mar.

23, 2009)); *Wilkerson v. Georgia*, 2015 WL 5449144, at *1 (S.D. Ga. Sept. 10, 2015) ("Even *pro se* litigants who are proceeding *in forma pauperis* must bear their own discovery expenses.").

Based on the foregoing, it is **ORDERED** that Plaintiff's Motions (Docs. 150, 151) are **DENIED**.

**ORDERED** in Orlando, Florida on April 21, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties