# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADAM JOSHUA MACKER,**

      **Plaintiff,**

v.                                                   **Case No: 6:23-cv-1963-JSS-DCI**

**MESHELLE NAYLOR, JASON STICKLES, MICHAEL CHITWOOD, DEPUTY IGO, BRANDON KING and PERDUE, BRANDON, FELDER, COLLINS & MOTT, LLP,**

      **Defendants.**

---

## ORDER

Plaintiff, proceeding *pro se*, has filed two motions related to the parties' discovery disputes and counsel's representations to the Court. Docs. 149, 154 (collectively, the Motions). The Motions are due to be denied because Plaintiff has failed to certify that he conferred with opposing counsel before filing either Motion. *See* Local Rule 3.01(g)(2). Also, while Plaintiff mentions conferral in both Motions and seems to complain that opposing counsel was unavailable, he did not file supplements pursuant to Local Rule 3.01(g)(3). Accordingly, the Motions are deficient.[1]

---

[1] With respect to the Motion to Compel, Plaintiff states that he conferred with Attorney Austin on April 11, 2025, and she responded with some production, but after receipt of that email Plaintiff was unable to contact Attorney Austin. Doc. 154 at 2. Also, Plaintiff contends that he contacted Attorney Furbush on April 24, 2025, but Attorney Furbush "claim[ed] that [Plaintiff] would have an answer 30 days after the re-submission of requests on April 3, 2025." *Id*. Plaintiff states that it has been 30 days since April 3, 2025, but there has been no answer and "[a]ll opposing counselors refuse to cooperate or respond in a timely fashion as required by the Federal Rules of Civil Procedure." *Id*. As to the Motion for Sanctions, it seems that Plaintiff generally complains that Attorney Furbush has refused to confer over the course of litigation but does not seem to directly raise the failure to confer issue with respect to the Motion for Sanctions. *See id*. But even if opposing counsel were unavailable for conferral before Plaintiff filed the Motions, Plaintiff was

In any event, it appears that the Motion to Compel is also due to be denied because the latest discovery dispute is now moot or soon to be resolved. Namely, Plaintiff moves to compel Defendants Naylor, Stickles, Chitwood, Igo, and King to provide complete responses to his discovery requests and "Notice of Depositions." Doc. 154. Defendants, however, assert that they have responded to Plaintiff's interrogatories and request for production of documents which include responses to Plaintiff's most recent request for production. Doc. 155 at 2. Defendants state that counsel explained to Plaintiff that some of the documents could not be produced because Defendants do not keep or maintain the records, but Defendants have requested the outstanding documents which will be provided to Plaintiff upon receipt. *Id*. Defendants add:

> Since Macker's last complaint to the Court on April 10th, the Defendants have continued to provide Macker with requested materials. On April 24, we provided Macker with a supplement to our initial disclosures pursuant to Rule 26(e). On May 5, we supplemented our response to Macker's request to produce with most of the audit trails he requested on April 9th. And we have also helped facilitate Macker's depositions of three Defense party/witnesses, two of which are among the five Volusia County Defendants. (Doc. 154).

*Id*. at 5.

Based on the foregoing, it appears that the issues related to the discovery responses have been resolved or no longer need the Court's attention.² Also, with respect to Plaintiff's request as it relates to the "Notice of Depositions," it is unclear whose deposition Plaintiff seeks to compel. Plaintiff states that he has successfully completed the depositions of Michael Chitwood and Jason Stickes but "[u]nfortunately, all the opposing counselors are completely unwilling to cooperate or

---

still required to try diligently for three days to contact opposing counsel **and** file supplements with statements certifying whether the parties resolved all or part of the Motions. Local Rule 3.01(g)(3). Plaintiff has not filed the supplements.

² Notably, in light of Defendants' statement that supplemental production occurred on May 5th—the day Plaintiff filed the Motion to Compel—it seems that if Plaintiff complied with Local Rule 3.01(g)(3), a supplement would have revealed that the parties have partially resolved the issue.

properly participate in Discovery as required by the Rules." Doc. 154 at 3. Plaintiff does not specify exactly whose deposition is outstanding and, in fact, Defendants represent that the Volusia County Defendants were available for deposition, but Plaintiff decided to only depose two of the officers. Doc. 155 at 6. Defendants explain that Plaintiff notified Defendants that he could not afford to depose all the Defendants and cancelled three of the depositions. *Id*. Accordingly, there appears to be no merit to Plaintiff's request for an order to compel a "response" to the Notice of Depositions.

Further, Plaintiff's request for sanctions against Michael Furbush is due to be denied. Plaintiff has filed a separate Motion for Sanctions against Defendant Perdue, Brandon, Felder, Collins & Mott, LLP's (Defendant Perdue) attorney Michael Furbush "for discovery violations and for making false representations and falsifying information while under-oath in Defendants [sic] Motion to Stay Second Amended Complaint filed 3/11/25 (Doc. 138)." Doc. 149. With respect to the alleged discovery violation, Plaintiff complains that Attorney Furbush has failed to participate in conferrals pursuant to Local Rule 3.01(g). *Id*. at 2 to 3. Plaintiff "suspects" that Attorney Furbush will assert that it is Plaintiff who has failed to participate in discovery and failed to comply with Local Rule 3.01(g) even though Attorney Furbush "unethically avoided" conferral for six months. *Id*. at 3. Plaintiff accuses Attorney Furbush of "repeated dishonesty and fabrication." *Id*. at 3 to 4. Based on the foregoing, it appears that Plaintiff asserts that he is entitled to sanctions pursuant to Federal Rule of Civil Procedure 37. *See id*. at 1, 3.

Plaintiff also contends that Attorney Furbush made a false claim within a motion to stay that the Complaint "plunges into bizarre conspiracy theories about corrupt public officials, makes vague and unsupported allegations of slander, harassment, identify [sic] theft, and fraud[.]" *Id*. at 4 (citing Doc. 138 at 2). Plaintiff also argues that Attorney Furbush falsely stated in the motion to

stay that Defendant Perdue was not a state actor "[w]hich is clearly more fabrication because [Defendant Perdue] handles all collections on court fines facilitated through the Clerk's office acting as an intermediary between the citizens and Volusia Courts." Doc. 149 at 4. Plaintiff argues that Attorney Furbush's "unsupported allegation of fraud" violates Florida Bar Rule 4-3.3 and his position on the state actor status violates Federal Rule of Civil Procedure 11(b). *Id*. at 5.

In addition to Plaintiff's failure to comply with Local Rule 3.01(g), the Court finds that Plaintiff's request for sanctions is without merit. First, Plaintiff's contention that Attorney Furbush made "unsupported allegations of fraud" in the motion to stay makes no sense because the statement regarding "bizarre conspiracy theories" and "fraud" relates to Plaintiff's own allegations of fraud. *See* Docs. 138 at 2; 149 at 4. Second, to the extent Plaintiff moves for relief pursuant to Rule 11, Plaintiff has failed to show compliance with the safe harbor provision. Doc. 153 at 10. *See* Fed.R.Civ.P. 11 (providing that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the Court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). Plaintiff's certificate of service reflects that Plaintiff served the Motion for Sanctions on Defendant's counsel on April 16, 2025; the same day Plaintiff filed the Motion for Sanctions. There is nothing before the Court to show compliance with the provision.

Third, while Plaintiff cites to Rule 37(g), there is no such rule. Assuming Plaintiff meant Rule 37(f) based on his contention that Attorney Furbush failed to participate in a discovery plan (*see* Doc. 149 at 3), there is no showing that Attorney Furbush failed to develop and submit a proposed discovery plan as Rule 26(f) requires. The parties submitted a Case Management Report on February 13, 20024, and the Court subsequently entered the Case Management Scheduling Orders. Docs. 59, 74, 131.

Finally, to the extent Plaintiff contends that the Court should sanction Attorney Furbush given the alleged failure to participate in conferrals in relation to Plaintiff's discovery requests, Plaintiff offers nothing to demonstrate that Attorney Furbush has engaged in misconduct. Defendants, however, have collectively submitted to the Court Plaintiff's emails and excerpts from his voice mail messages which demonstrate that Plaintiff has continuously subjected counsel to threatening and abusive statements. *See* Docs. 153 at 3, 4, 6; 153-1 at 25, 27, 44; 155 at 62, 64. Plaintiff is reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District of Florida Discovery Handbook (2025) at Section I. "[A] *pro se* litigant may not hide behind his *pro se* status when it is clear that he is abusing the legal process to harass opposing parties or their counsel." *Silva v. Swift*, 2020 WL 5523400, at *13 (N.D. Fla. June 1, 2020) (citations omitted).

Based on the foregoing, it is **ORDERED** that Plaintiff's Motions (Doc. 149, 154) are **DENIED**.

**Plaintiff is warned that the Court will not tolerate the use of abusive, offensive, obscene, threatening, or inflammatory language, and Plaintiff may be subject to sanctions if Plaintiff continues to communicate with counsel in this matter.**

**ORDERED** in Orlando, Florida on May 14, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties